```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

AFLAC, INC. and AFLAC           *
INCORPORATED EMPLOYEE HEALTH
PLAN,                           *

        Plaintiffs,             *
                                        CASE NO. 4:12-CV-331 (CDL)
vs.                             *

RICHARD BLOOM,                  *

        Defendant.              *
```

O R D E R

Plaintiffs' Motion to Remand (ECF No. 7) requires the Court to determine whether Plaintiffs' state law claims are *completely* preempted under § 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3). If Plaintiffs' claims are completely preempted, this Court has exclusive subject matter jurisdiction over those claims, and Defendant's removal of this action to this Court was appropriate. If those claims are not preempted by ERISA, Plaintiffs' Motion to Remand must be granted. For the following reasons, the Court denies Plaintiffs' Motion to Remand.

BACKGROUND

Plaintiffs Aflac, Inc. ("Aflac") and the Aflac Incorporated Employee Health Plan (the "Plan") filed a ten count Complaint in the Superior Court of Muscogee County, Georgia. That Complaint

alleges that Aflac, pursuant to its ERISA qualified self-funded employee health benefits plan, erroneously made payments to Defendant, Dr. Richard Bloom, based on Dr. Bloom's misrepresentations that he had provided medical services which he did not provide.  AFLAC and the Plan seek to recover the amounts erroneously paid to Dr. Bloom based on his misrepresentations.  Plaintiffs also seek injunctive relief preventing Dr. Bloom from providing services to Aflac employees under the Plan.  Plaintiffs labeled their causes of action as state law claims for "Actual Fraud," "Breach of Contract," "Georgia RICO," "Violation of Georgia Uniform Deceptive Trade Practices Act," "Negligent Misrepresentation," "Unjust Enrichment," "Conversion of Property," "Injunctive Relief," "Punitive Damages," and "Attorneys Fees."  Compl. 6-11, ECF No. 1-2.

Dr. Bloom timely removed the action to this Court, claiming that Plaintiffs' state law claims are completely preempted by ERISA and that federal question jurisdiction therefore exists.  Plaintiffs maintain that their state law claims are not preempted by ERISA, so this Court does not have subject matter jurisdiction over those claims.  Accordingly, Plaintiffs seek to have this action remanded to the Superior Court of Muscogee County.

DISCUSSION

## I. The "Complete Preemption" Exception to the "Well Pleaded Complaint Rule"

Generally, in determining whether an action has been properly removed to federal court based on federal question jurisdiction, the Court's evaluation is limited to the well-pleaded allegations of a plaintiff's complaint. *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). Since a plaintiff is the master of his complaint, he may generally avoid federal jurisdiction by pleading only state law claims. *Id.* But there is a narrow exception to this "well-pleaded complaint rule." When Congress comprehensively occupies a field of law, any civil complaint that asserts claims within that field is deemed federal in character, and federal question subject matter jurisdiction exists for those claims. *Id.*

In this action, Plaintiffs clearly attempt to allege only state law claims. Reading only the language of Plaintiffs' well-pleaded allegations, the Court would be inclined to conclude that no federal law claims have been stated. The question presented by Plaintiffs' Motion to Remand, however, is whether those claims have been "completely preempted" by ERISA so that the Court must convert them to federal law claims over which this Court does have subject matter jurisdiction.

3

**II.  ERISA and Complete Preemption**

Section 502(a) of ERISA establishes broad federal civil remedies for the enforcement of ERISA.[1] It is clear that Congress intended for these remedies to preempt conflicting state law claims and for the federal courts to have exclusive jurisdiction over some of these claims. *See* 29 U.S.C. § 1132(e)(1).  The federal courts have *exclusive* jurisdiction over claims asserted pursuant to § 502(a)(3) in which a fiduciary seeks "to enjoin any act or practice which violates [ERISA] or the terms of [a qualified plan]" or to "obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of [ERISA] or the terms of [a qualified plan]." *Id.* at § 1132(a)(3); *see also* 29 U.S.C. § 1132(e)(1) (providing for exclusive federal jurisdiction over most § 502(a) claims).  If Plaintiffs' claims in substance are claims pursuant to § 502(a)(3), then they only could have been brought in federal court, and they implicate no legal duties separate from ERISA because Congress has clearly determined that federal courts shall have exclusive jurisdiction over such claims.  29 U.S.C. § 1132(e)(1).  Accordingly, this action would be removable to this Court under the "complete preemption exception" to the "well-pleaded complaint rule." *See Conn. State Dental Ass'n*, 591 F.3d at 1345 (citing *Aetna Health Inc.*

---

[1] Section 502(a) of ERISA is codified at 29 U.S.C. § 1132(a).

4

*v. Davila,* 542 U.S. 200, 210 (2004)) (explaining the standard for removal to be (1) whether the plaintiff could have brought its claim under § 502(a); and (2) whether no other legal duty supports the plaintiff's claim). Plaintiffs argue that their claims do not arise under § 502(a)(3) because they are not suing in a "fiduciary" capacity and are not seeking the type of "equitable" relief contemplated by § 502(a)(3). Plaintiffs also maintain that their claims are independent of the Plan and are based solely on state law legal duties separate and apart from any obligations relating to the Plan. The Court finds these arguments, which focus narrowly on form over substance, contrary to Eleventh Circuit precedent.

A. Could Plaintiffs Bring Their Claims Under § 502(a)(3)?

The Court first addresses whether Plaintiffs' claims may be brought under § 502(a)(3). Under that provision,

> A civil action may be brought . . . by a . . . fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]

29 U.S.C. § 1132(a)(3).

Aflac sponsors and maintains the Plan, which is a self-funded ERISA group welfare plan providing medical benefits to employees of Aflac and their beneficiaries. Compl. ¶¶ 2-3. Aflac does not dispute that it serves as the claims

5

administrator under the Plan, which includes determining claims eligibility, making payments, and hearing administrative appeals from claim denials.  It is undisputed that as the sponsor and manager of the Plan, Aflac clearly has a fiduciary responsibility to the Plan and its beneficiaries.

Aflac argues, however, that it is not acting in a fiduciary capacity as the Plaintiff in this legal action to recover benefits erroneously paid by the Plan to Dr. Bloom based on Dr. Bloom's alleged fraudulent misrepresentations to Aflac and the Plan.  The Court rejects this argument.  The relief Plaintiffs seek clearly demonstrates that Aflac is acting in a fiduciary capacity for purposes of ERISA.  Plaintiffs allege that payments were made to Dr. Bloom pursuant to the Plan.  Without the Plan, there would have been no payment made to Dr. Bloom.  Plaintiffs allege that those payments were made erroneously; they should not have been made pursuant to the Plan.  Although the reason the payments were not covered and should not have been paid is because Dr. Bloom allegedly did not perform the services for which he billed, this does not divorce Plaintiffs' claims from the Plan, without which the alleged fraud would have never been perpetrated.  These were not services that some vendor provided directly to Aflac only for its direct benefit, such as mowing its grass or repairing its copiers.  These services were to be provided under an ERISA plan and paid for pursuant to the terms

of an ERISA plan. They were supposed to be made on behalf of and for the benefit of Aflac's employees. Aflac made the payments pursuant to the terms of the Plan so that its employees could receive the benefits under the Plan. Aflac, in making the payments, was clearly acting on behalf of its employees and under the requirements of the Plan. Aflac now seeks to recover those payments it made for the benefit of its employees because Dr. Bloom allegedly never provided the services. And, Aflac seeks to enjoin Dr. Bloom's participation in the Plan, not only to protect Plaintiffs from future fraudulent claims, but also to protect the Plan and its beneficiaries by making sure that the terms of the Plan are enforced. While these allegations may support state law causes of action, it is clear that in substance Aflac is acting in a fiduciary capacity as the sponsor and manager of the Plan to recover benefits paid under the Plan that should not have been paid and to obtain injunctive relief to protect the Plan. The Court finds that under these circumstances, Aflac may be considered a fiduciary for purposes of § 502(a)(3).

Aflac next argues that the relief it seeks is not the type of relief contemplated by § 502(a)(3). Aflac maintains that it seeks money damages arising from Dr. Bloom's alleged misrepresentations and that § 502(a)(3) only authorizes claims seeking equitable relief. Preliminarily, the Court observes

that the relief sought in Plaintiffs' Complaint is not restricted to money damages. Plaintiffs also clearly seek specific injunctive relief to prevent Dr. Bloom from participating as a provider under the Plan. *See* Compl. ¶ 1 ("This is an action to obtain legal and equitable relief against Richard Bloom, M.D. ('Dr. Bloom') as a result of his having submitted fraudulent claims for reimbursement to the Plan."). Count Eight of Plaintiffs' Complaint is labeled "Count Eight— Injunctive Relief." *Id.* at 10. That Count specifically alleges: "If Dr. Bloom continues to submit claims to the Plan, then plaintiffs and the participants and beneficiaries of the Plan will suffer irreparable harm." *Id.* ¶ 88. Count Eight further alleges: "Plaintiffs are entitled to an injunction barring Dr. Bloom from submitting any claims to the Plan and from participating in any networks in which the Plan participates." *Id.* ¶ 89. Finally, in their prayer for relief, Plaintiffs ask the Court to do the following: (1) "Enter an order removing Dr. Bloom from participating in the Participating Agreement," *id.* at 12 ¶ E, (2) "Enter a total and permanent injunction forever barring Dr. Bloom from submitting claims to the Plan and from otherwise submitting claims to the Plan or rendering services to Plan participants or beneficiaries for which he expects to be paid by the Plan by or through any provider network," *id.* ¶ G, and (3) "Grant and award plaintiffs

8

such other and further legal and equitable relief as the Court deems just and proper," *id.* ¶ H.  These allegations make it clear that Plaintiffs seek more than "money damages" in this action.  If this action were merely an effort to recover money damages suffered by Aflac, there would be no need to seek the extraordinary remedy of an injunction to prevent Dr. Bloom from making future claims, fraudulent or legitimate, to the Plan.

The injunctive relief sought here is completely different than the injunctive relief sought—and rejected—in *Great-West Life & Annuity Insurance Co. v. Knudson,* 534 U.S. 204 (2002).  In *Knudson*, the plaintiffs sought an injunction to enforce a contractual obligation to pay money past due.  The Supreme Court found that such a claim was not traditionally available in equity; therefore, standing alone, such a claim could not support jurisdiction under §502(a)(3).  *Id.* at 210-11.  The Supreme Court did not hold or imply, however, that a claim to enjoin a provider from participating in an ERISA plan in the future would likewise be found not to be equitable in nature.  To the contrary, the Supreme Court suggested that such a claim may indeed be equitable in nature.  *See id.* at 212 (distinguishing *Bowen v. Massachusetts,* 487 U.S. 879 (1988) by explaining that an injunction sought pursuant to the Administrative Procedure Act to correct the method of calculating future Medicaid payments was not similar to an

9

injunction to enforce a contractual obligation to pay money past due for purposes of evaluating the equitable nature of such relief). Therefore, *Knudson* does nothing to diminish the Court's authority to exercise § 502(a)(3) jurisdiction based on the specific injunctive relief sought by Plaintiffs in this action.

It is clear that Plaintiffs seek not only to recoup what they erroneously paid to Dr. Bloom but also seek to "enjoin an[] act or practice which violates" the terms of the Plan and to "obtain other appropriate equitable relief . . . to redress such violation or . . . to enforce . . . provisions of the plan." 29 U.S.C. § 1132(a)(3). For this reason alone, federal question jurisdiction exists pursuant to § 502(a)(3).

If the affirmative injunctive relief sought by Plaintiffs is not alone sufficient to authorize jurisdiction under § 502(a)(3), the Court finds that the "money damages" Plaintiffs seek are in the nature of "equitable restitution," which would also authorize the exercise of federal jurisdiction in this action. It is clear under binding Eleventh Circuit precedent that the recovery of payments erroneously made under an ERISA plan are a type of equitable relief contemplated by § 502(a)(3). On this issue, the Court finds *Blue Cross & Blue Shield of Ala. v. Weitz,* 913 F.2d 1544 (11th Cir. 1990), indistinguishable. In *Weitz,* the plan administrator sought to recover benefits paid

10

under a plan to a licensed psychologist for work that was actually performed by a social worker which was not covered under the plan. *Id.* at 1545-46. The administrator also sought recovery of benefits paid that where never provided. *Id.* The Court of Appeals found that the plaintiffs' claims were equitable in nature, and therefore, the Court had subject matter jurisdiction over those claims under § 502(a)(3). *Weitz*, 913 F.2d at 1549. In addition to describing the remedy sought by plaintiff as one for equitable restitution, the Eleventh Circuit further explained that "[i]t likewise seems clear that reimbursement to a psychologist who was not providing outpatient, mental services, or to a licensed clinical social worker who was, would violate the terms of the plan, which allows for payments only to physician providers of outpatient mental health services." *Id.* at 1547. Similarly, while Plaintiffs in the present action do not label their remedy as "restitution," they clearly seek the recovery of payments made erroneously because of Defendants' misrepresentations. Moreover, it is clear that any such payments would violate the terms of the Plan.

> As explained by the Eleventh Circuit in *Weitz,*
>
> While . . . suits by fiduciaries against third parties wrongfully in receipt of payments are not at the heart of Congressional purpose in passing ERISA, neither do they contravene that purpose. On the contrary, it could be argued that allowing such suits would tend to

11

> preserve the integrity of ERISA-governed funds, which is consonant with the goals of ERISA.

*Id.* at 1548 (footnote omitted).

Finding the language of § 502(a)(3) to be unambiguous and given the absence of any legislative history indicating that Congress intended to exclude from ERISA's enforcement provisions claims against third parties with whom the plan did business, the Eleventh Circuit held that an "equitable action to recover benefits erroneously paid . . . falls within the clear grant of jurisdiction contained in [§ 502(a)(3)]." *Id.* at 1549 (alteration in original) (internal quotation marks omitted). The fact that Plaintiffs here seek "damages" equal to what they erroneously paid instead of "restitution" for what they erroneously paid cannot be the basis on which federal preemption is decided. The Court finds that the present action in substance is the same type of action for which the Court of Appeals found subject matter jurisdiction in *Weitz*. Accordingly, under *Weitz,* federal subject matter jurisdiction exists for these claims.

Plaintiffs argue that subsequent decisions by the Supreme Court call into question the continued validity of *Weitz,* specifically its characterization of the equitable remedy of restitution. *See Knudson,* 534 U.S. at 214, 221; *see also Sereboff v. Mid. Atl. Med. Servs. Inc.,* 547 U.S. 356, 362-63

(2006); *Popowski v. Parrott*, 461 F.3d 1367, 1373-74 (11th Cir. 2006) (analyzing § 502(a)(3) claims similar to those addressed in *Sereboff* and *Knudson*). The Court finds that the holdings in those cases do not expressly or implicitly overrule the holding in *Weitz*. While the rationale in *Knudson* may weaken the persuasiveness of the rationale in *Weitz,* the underlying facts in the two cases are different. In *Knudson,* a divided Supreme Court held that federal jurisdiction did not exist under §502(a)(3) for a claim by an ERISA plan fiduciary against a plan beneficiary to recover benefits paid to the beneficiary under the plan which were also paid to the beneficiary by a third party tortfeasor. *Knudson*, 534 U.S. at 220-21. The majority reasoned that the relief sought in *Knudson* was not equitable in nature but was legal relief—the recovery of money damages. *Id.* In support of this conclusion, the Court explained the distinction between equitable restitution and legal restitution. *Id.* at 212-15. The majority in *Knudson* acknowledged that this can be a fine distinction, *id.* at 214-25, a distinction which the four dissenters did not find under the circumstances presented in *Knudson, id.* at 228-29 (Ginsburg, J., dissenting). Plaintiffs urge the Court to make that same fine distinction here under circumstances entirely distinguishable from those found in *Knudson*. They seek an *extension* of *Knudson* to all claims asserted by a fiduciary under §502(a)(3), including

13

claims for the recovery of money for claims paid erroneously to a plan provider based on the provider's fraudulent misrepresentations.

Even if this Court believed that the Eleventh Circuit may reconsider its holding in *Weitz* in light of *Knudson*, this Court does not have the authority to ignore *Weitz*. *Weitz* is binding precedent in this Circuit. And, only the Eleventh Circuit *en banc* or the Supreme Court may overrule or modify it. *See, e.g., World Holdings, LLC v. Fed. Republic of Germany*, 701 F.3d 641, 650 (11th Cir. 2012); *United States v. Sneed*, 600 F.3d 1326, 1332 (11th Cir. 2010); *United States v. Hanna*, 153 F.3d 1286, 1288 (11th Cir. 1998). This Court simply may not "disregard binding case law that is so closely on point and has been only weakened, rather than directly overruled, by the Supreme Court." *Garrett v. Univ. of Ala. at Birmingham Bd. of Trustees,* 344 F.3d 1288, 1292 (11th Cir. 2003) (internal quotation marks omitted). The Supreme Court has admonished courts of appeals not to speculate as to whether the Supreme Court will eventually overrule one of its precedents, instructing them that they "should continue to follow directly applicable [Supreme Court] precedent that rests on reasoning seemingly rejected in analogous cases, leaving to [the Supreme Court] the prerogative of overruling its own decisions." *Fla. League of Prof'l Lobbyists, Inc. v. Meggs*, 87 F.3d 457, 462 (11th Cir. 1996)

(internal quotation marks omitted).  Similarly, the district courts should not speculate as to whether the Court of Appeals will reconsider one of its binding precedents even if that precedent rests upon reasoning seemingly rejected in analogous cases. *Id*.  *Weitz* is the law of this Circuit until the Court of Appeals or the Supreme Court clearly says otherwise, and it authorizes subject matter jurisdiction in this case.

Because Aflac in a fiduciary capacity seeks injunctive and equitable relief, this action could have been brought in federal court pursuant to § 502(a)(3).  The next question is whether it must be brought here.

### B. Is There an Independent Legal Duty Supporting Plaintiffs' Claims?

Plaintiffs argue that even if they could have brought their claims under § 502(a)(3), their action is not removable because their claims implicate legal duties separate from ERISA.  The Court is aware of the two prong test for complete preemption adopted by the Supreme Court in *Aetna Health Inc. v. Davila,* 542 U.S. 200, 210 (2004) and followed in this Circuit. *See, e.g., Conn. State Dental Ass'n.*, 591 F.3d at 1344-45 (discussing *Davila* test).  Plaintiffs, however, ignore the fact that the claims asserted in *Davila* and *Connecticut State Dental Association* were brought pursuant to § 502(a)(1)(B), and that the federal courts do not have exclusive jurisdiction over those

claims. *See* 29 U.S.C. § 1132(e)(1) (providing that state courts have concurrent jurisdiction with U.S. district courts over § 502(a)(1)(B) claims). Unlike § 502(a)(1)(B) claims, claims asserted under § 502(a)(3) must be brought exclusively in federal court. 29 U.S.C. § 1132(e)(1). Therefore, to the extent that the *Davila* test applies here, the Court finds that for claims over which the federal court has exclusive jurisdiction, ERISA provides the only legal duties supporting those claims, and thus prong two of the *Davila* test is satisfied. Accordingly, this action was properly removed to this Court.

## CONCLUSION

In conclusion, the Court makes two final observations—one alluded to previously in this Order regarding Plaintiffs' arguments elevating form over substance and the second addressing Plaintiffs' suggestion that the Court's ruling today leaves them without a meaningful remedy. Plaintiffs, in conformity with their strategy to distance themselves from the Plan and thus avoid ERISA preemption, suggest that the Plan is essentially irrelevant to their claims. It's as if Dr. Bloom walked into their office tower off the street and concocted a fraudulent scheme to steal corporate assets. Plaintiffs ignore that Dr. Bloom was presumably approved by them, at least implicitly, to participate as a provider in the Plan. His only

involvement with Plaintiffs was through the Plan. The only reason he was paid a dime by Plaintiffs was because of the Plan. The only way that he was able to take any of Plaintiffs' funds was because of misrepresentations he allegedly made about services provided under the Plan. Although Aflac's briefing takes this "what Plan?" approach, it is interesting that Aflac apparently believed when it filed its Complaint that this litigation was sufficiently connected to the Plan that the Plan should be named as a party Plaintiff. Moreover, Plaintiffs seek specific injunctive relief to protect the Plan and its beneficiaries from Dr. Bloom. To suggest that Dr. Bloom's duties arise irrespective of the Plan and its terms elevates form over substance. To suggest that Plaintiffs do not seek equitable relief to protect the Plan, its participants, and beneficiaries ignores the language of the Plaintiffs' Complaint.

Plaintiffs also complain that if they cannot sue Dr. Bloom for state law claims such as fraud that they will have no remedy for recovering the funds erroneously paid to him. This contention simply ignores binding Eleventh Circuit precedent. *Weitz* makes it clear that payments made erroneously to a plan provider may be recovered under ERISA in federal court.

For the reasons explained in this Order, the Court finds that Plaintiffs' claims are completely preempted by ERISA. Accordingly, this Court has subject matter jurisdiction over

17

those claims, and Defendant's removal of this action was authorized. Plaintiffs' Motion to Remand (ECF No. 7) is denied.[2]

CERTIFICATE FOR IMMEDIATE APPEAL

Pursuant to 28 U.S.C. § 1292(b), the undersigned certifies that he is of the opinion that today's order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this order may materially advance the ultimate termination of the litigation. Specifically, an immediate appeal will provide the Court of Appeals with an opportunity to determine whether the holding in *Blue Cross & Blue Shield of Alabama v. Weitz,* 913 F.2d 1544 (11th Cir. 1990) regarding subject matter jurisdiction for certain ERISA claims should be revisited in light of *Great-West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204 (2002). It will also allow the Court of Appeals to decide whether the affirmative injunctive relief sought by Plaintiffs is sufficient to confer subject matter jurisdiction under ERISA § 502(a)(3). If the Court of Appeals concludes that Plaintiffs' claims for injunctive relief do not authorize jurisdiction and if the Court of Appeals overrules *Weitz,* finds it to be abrogated to the extent that it no longer provides support for exclusive jurisdiction over claims such as the ones asserted

---

[2] The Court reviewed the Plaintiffs' supplemental brief attached to their Motion for Leave to File Supplemental Brief (ECF No. 21). Therefore, that motion shall be terminated as moot.

here, or decides that this Court has misinterpreted it, then federal subject matter jurisdiction may not exist over Plaintiffs' claims and remand may be required. Waiting until final judgment to resolve that issue conclusively could waste valuable judicial resources and cause the parties unnecessary trouble and expense.

IT IS SO ORDERED, this 22nd day of May, 2013.

                                    S/Clay D. Land
                                        CLAY D. LAND
                                 UNITED STATES DISTRICT JUDGE